# LUCAS COUNTY COMMON PLEAS COURT
## CASE DESIGNATION

EFILED LUCAS COUNTY
07/12/2020 12:13 AM
COMMON PLEAS COURT
BERNIE QUILTER, CLERK
efile id 56102

TO: Bernie Quilter, Clerk of Courts

CASE NO. _____

JUDGE _____

G-4801-CI-0202002525-000
Judge
MYRON C. DUHART

**The following type of case is being filed:**

**Professional Malpractice**
- [ ] Legal Malpractice (L)
- [ ] Medical Malpractice (M)

**Product Liability (B)**
- [ ] 

**Other Tort (C)**
- [✓]

**Workers' Compensation**
- [ ] State Funded (D)
- [ ] Self Insured (K)

- [ ] **Administrative Appeal (F)**

- [ ] **Commercial Docket**

By submitting the complaint, with the signature of the Attorney, the Attorney affirms that the name of person with settlement authority and his/her direct phone number will be provided upon request to a party or counsel in this matter

**Other Civil**
- [ ] Consumer Fraud (N)
- [ ] Forfeiture
- [ ] Appropriation (P)
- [ ] Court Ordered
- [ ] Other Civil (H)
- [ ] Certificate of Title
- [ ] Copyright Infringement (W)

This case was previously dismissed pursuant to CIVIL RULE 41 and is to be assigned to Judge _____, the original Judge at the time of dismissal. The previously filed case number was CI _____.

This case is a civil forfeiture case with a criminal case currently pending. The pending case number is _____, assigned to Judge _____.

This case is a Declaratory Judgment case with a personal injury or related case currently pending. The pending case number is _____, assigned to Judge _____.

This case is to be reviewed for consolidation in accordance with Local Rule 5.02 as a companion or related case. This designation sheet will be sent by the Clerk of Courts to the newly assigned Judge for review with the Judge who has the companion or related case with the lowest case number. The Judge who would receive the consolidated case may accept or deny consolidation of the case. Both Judges will sign this designation sheet to indicate the action taken. If the Judge with the lowest case number agrees to accept, the reassignment of the case by the Administration Judge shall be processed. If there is a disagreement between the Judges regarding consolidation, the matter may be referred to the Administrative Judge.

Related/companion case number _____ Assigned Judge _____

Approve/Deny _____ Date _____ Approve/Deny _____ Date _____

**Attorney** ANTHONY J. RICHARDSON II
**Address** PO BOX 2641
TOLEDO, OHIO 43606
**Telephone** (937) 830-3692

EFILED LUCAS COUNTY
07/12/2020 12:13 AM
COMMON PLEAS COURT
BERNIE QUILTER, CLERK
efile id 56102

**ORIGINAL**

## IN THE COURT OF COMMON PLEAS OF LUCAS COUNTY, OHIO
## CIVIL DIVISION

| | |
|---|---|
| **JOSEPH LAGGER**<br>5066 Jamieson Drive, Apartment B-10<br>Toledo, OH 43613<br><br>As Plaintiff,<br><br>v.<br><br>**STEFFEN & DAWN PHILLIPS DBA JACKMAN ARMS APARTMENTS**<br>5317 Jackman Road<br>Toledo, OH 43613<br><br>As Defendants. | Case No.: **G-4801-CI-0202002525-000**<br>**Judge**<br>**MYRON C. DUHART**<br>Hon.<br><br>**COMPLAINT FOR BREACH OF CONTRACT, QUASI-CONTRACTUAL RELIEF, AND/OR NEGLIGENCE**<br><br>Anthony J. Richardson II (0097200)<br>Law Office of Anthony J. Richardson II, LLC<br>P.O. Box 2641<br>Toledo, OH 43606<br>Telephone No.: 567-209-2226<br>Fax No.: 567-316-7025<br>Anthony@ajr2law.com |

**COMPLAINT FOR BREACH OF CONTRACT, QUASI-CONTRACTUAL RELIEF, OR NEGLIGENCE**

Now comes Joseph Lagger ("Plaintiff") for his complaint against Phillip Steffen, who is doing business as Jackman Arms Apartments, stating as follows:

## THE PARTIES, JURISDICTIONS, AND VENUE

1. Joseph Lagger ("Plaintiff") is an individual living in Lucas County, Ohio, with a mailing address at 5066 Jamieson Drive, Apartment B-10, Toledo, OH 43613.

2. Steffen and Dawn Phillips ("Defendant") are two individuals who operates an apartment business in Toledo, Ohio, in Lucas, Ohio.

3. Defendant rented an apartment to Plaintiff, and had a contractual and/or otherwise duty to remove snow from the trail to and from Plaintiff's apartment. Defendant received notice from Plaintiff often about the failure to add salt to allow natural breakdown of the hidden ice that formed below the snow.

4. Defendant failed to treat and remove the hidden ice from Plaintiff's trail and he ended up slipping and falling as a result of Defendant failing to provide a clear path. Prior to this fall, Defendant had received notice from Plaintiff that the walking path was not safe and that Defendant needed to clear the ice to allow tenants' safe travel.

5. The actions and omissions of Defendant have brought about the damages complained of herein, and the breach(es) of duty (contractual or otherwise), occurred in Lucas County.

6. Subject matter jurisdiction and venue are proper in this Court.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. Plaintiff was a tenant at Defendant's apartment complex.

8. By agreement[1], Defendant offered to keep the common premises in a safe condition for tenants. Moreover, Plaintiff warned Defendant that because precipitation water would accumulate in certain unleveled parts of the concrete sidewalk path, hidden ice patches would form under the snow if not treated with salt and properly removed.

9. Plaintiff paid his rent on time every month he lived at his apartment, from October 2016, to June 2019.

10. On February 14, 2019, Plaintiff left his apartment to take a bag of trash to the dumpster.

11. While leaving the building, and less than a week after notifying Defendant of how treacherous the paths are without the ice treated and snow removed, he was left without choice but to walk through a treacherous path through a grassy patch to get to the dumpster, as there was no safe way to travel because he was fearful that hidden ice had accumulated under the snow.

12. Plaintiff chose the grassy patch as opposed to the customary sidewalk concrete path because he knew the ice had not been treated and the snow had not been removed.

13. Plaintiff fell and injured his back, causing Plaintiff to have to get a second back surgery (he had one 18 years ago).

14. Defendant's actions and omissions have caused Plaintiff's damages.

---

[1] Plaintiff does not have a copy of his lease.

3

## CAUSES OF ACTION

15. Plaintiff incorporates paragraphs 1 through 14, as if fully stated herein.

16. Plaintiff asserts that the following potential causes of action may be viable claims arising from the facts above and facts uncovered in discovery.

    i. BREACH OF CONTRACT

    ii. NEGLIGENCE

## CONCLUSION

**WHEREFORE**, Plaintiff prays for money judgment in excess of $25,000.00, to include compensatory damages, consequential damages, special damages, court costs, interest, along with any other relief found to be just and proper.

Respectfully submitted,

/s/ Anthony J. Richardson, II
Anthony J. Richardson II (0097200)
Law Office of Anthony J. Richardson II, LLC

## PRAECIPE OF SERVICE

**TO THE CLERK OF COURTS:**

Please issue summons and copies of this Complaint and serve same upon the following party to the two last known addresses, along with courtesy copies to the insurance agent.

**STEFFEN & DAWN PHILLIPS DBA JACKMAN ARMS APARTMENTS**
5317 Jackman Road
Toledo, OH 43613

**STEFFEN & DAWN PHILLIPS DBA JACKMAN ARMS APARTMENTS**
8950 Summerfield Road
Lambertville, MI 48144

**CLAIM PROFESSIONAL SANDRA FISH**
Lake Michigan Claim Center
P.O. Box 650293
Dallas, TX 75265

/s/ Anthony J. Richardson, II
Anthony J. Richardson II (0097200)
Law Office of Anthony J. Richardson II, LLC

5